**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Seyid Melik Bingol,<br>Petitioner,<br>v.<br>Ernesto Santacruz, Jr. et al.,<br>Respondents. | Case No. 5:26-cv-06611-AYP<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE AND RETURN OF PETITIONER** |

## I. PROCEDURAL HISTORY

On November 5, 2026, Seyid Melik Bingol ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and a Motion for Temporary Restraining Order ("TRO," Dkt. No. 3). Petitioner was detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Facility located in Adelanto, California. *Id.* Petitioner consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment on November 6, 2026. (Dkt. Nos. 4, 8.)

The Court issued Notice of General Order 26-05 on November 6, 2026,

requiring Respondents to provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the Petitioner from the Central District of California and setting a briefing schedule on Petitioner's Application. (*See* Dkt. No. 6 ("General Order 26-05").) On November 9, 2026, Petitioner filed an Ex Parte application for an order directing Petitioners return to the Adelanto ICE Processing Center. (Dkt. No. 7.) Petitioner notified the Court that Respondents moved him from this jurisdiction to the Northwest ICE Processing Center in Tacoma, Washington. *Id*. Respondents failed to notify the Court that they were removing Petitioner from this jurisdiction.

On November 12, 2026, the Court granted Petitioner's TRO ordering Respondents to return Petitioner to this jurisdiction pending the resolution of this matter and for Respondents not to remove Petitioner from this judicial district or the United States pending the resolution of this matter. (Dkt. No. 9.)

The Court's General Order 26-05 and Briefing Schedule require that Respondents file an Answer to the Petition by no later than seven days from the date of the Notice. (General Order 26-05.) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) The General Order also requires Respondents to file a notice of withdrawal of consent within 3 days of service of the petition, or within 24 hours of service if an application for a temporary restraining order accompanies the petition. (General Order 26-05 at 2.) To date, Respondents have not filed a timely withdrawal of consent, an answer to the petition or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

On November 14, 2026, Petitioner filed an ex parte application for Contempt against Respondents for failing to follow the Court's Order. (Dkt. No. 10.) Further, Petitioner filed a request for an Order Granting the Petition. (Dkt. No. 11.)

For the reasons set forth below, the Court GRANTS the unopposed habeas petition Application and ORDERS Respondents to release Petitioner forthwith and return him to this jurisdiction within three (3) days of this order under the same conditions prior to his detention.

## II. FACTUAL BACKGROUND

Petitioner, a noncitizen, was inspected and admitted to the United States as a B-1/B-2 visitor. (Pet. ¶ 31.) Petitioner married Erica Leslie Singer, a United States citizen. Their Los Angeles County marriage certificate records the marriage on February 1, 2025. (Pet. ¶ 32.) Ms. Singer filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf. United States Citizenship and Immigration Services ("USCIS") identifies the filing date as October 9, 2025, and assigned Receipt No. IOE9769884739. (Pet. ¶ 33.) Petitioner signed Form I-130A in support of the petition, filed Form I-485, Application to Register Permanent Residence or Adjust Status, and completed his biometrics appointment. *Id*. USCIS sent its interview notice and its decision on the petition to Ms. Singer at 835 East Carson Street, Apartment F, Long Beach, California 90807. Petitioner's DUI program records list the same address for him. (Pet. ¶ 34.)

Petitioner has one criminal matter. (Pet. ¶ 35.) On January 23, 2026, the Los Angeles County Superior Court, in Case No. 25LBCM04089-01, entered a conviction on a single misdemeanor count under California Vehicle Code § 23152(b). *Id*. The court ordered him to complete a three-month first-offender DUI program and nine days of Caltrans service by January 25, 2027.

*Id*. Petitioner enrolled in the DUI program on February 5, 2026, and completed it on May 28, 2026, eight months before the court's deadline. (Pet. ¶ 36.) The program's completion report records that he was in compliance and that he completed the required group sessions, individual sessions, alcohol education, and Alcoholics Anonymous meetings. *Id*. He enrolled in the Caltrans service program on February 2, 2026, ten days after the conviction, and by February 26, 2026, he had completed 24 of the 72 required hours, with the balance due by January 25, 2027. *Id*.

On October 16, 2026, USCIS issued a notice directing Ms. Singer and Petitioner to appear for an interview on the Form I-130 on October 27, 2026, at 9:00 a.m., at the USCIS Los Angeles County Field Office, 300 North Los Angeles Street, Suite 6024, Los Angeles, California. (Pet. ¶ 37.) Ms. Singer had already arranged travel to Mexico to care for her grandmother, who was ill and needed medical attention. (Pet. ¶ 38.) The interview notice arrived one day before her departure. *Id*. On October 26, 2026, before the interview, she called the USCIS Contact Center and asked that the interview be rescheduled. *Id*. USCIS acknowledges her request in its later decision. On October 27, 2026, Petitioner appeared at the USCIS office as directed, and USCIS's decision confirms his appearance. (Pet. ¶ 39.) He asked USCIS to reschedule the interview so that his wife could attend. *Id*. ICE officers took Petitioner into custody at the USCIS office. (Pet. ¶ 40.) Petitioner reports that the officers did not 1) show him a warrant; 2) provide him with advanced notice that ICE intended to detain him, or 3) provide a hearing of any kind before his arrest. *Id*.

On November 2, 2026, USCIS denied the Form I-130 as abandoned because Ms. Singer had not appeared. (Pet. ¶ 41.) The decision acknowledges both her October 26 request to reschedule and Petitioner's appearance on

October 27. *Id*. Ms. Singer is pursuing reopening of the petition and a new interview at which both spouses can appear. *Id*.

Petitioner has been in ICE custody continuously since October 27, 2026. (Pet. ¶ 42.) He is detained today at the Adelanto ICE Processing Center. *Id*. Petitioner's removal case is pending before the Adelanto Immigration Court, with a docket date of November 3, 2026. (Pet. ¶ 43.) The only hearing on the court's calendar is a master calendar hearing on November 10, 2026. *Id*. No judge or other neutral decisionmaker has held a hearing on whether Petitioner's detention is necessary. (Pet. ¶ 44.)

Petitioner argues that his detention without notice or a pre-deprivation hearing violated his due process rights. (Pet. at 10.) Petitioner states that he was lawfully admitted to the United States, married to a United States citizen, and living at liberty while USCIS processed his wife's petition and his application to adjust status. Thus, Petitioner has a protected liberty interest in remaining free. *Id*. Further, Petitioner argues his detention does not bear a reasonable relation to a legitimate, nonpunitive purpose. He was detained at a check-in with USCIS, and his only criminal conviction for a DUI has been nearly resolved and mitigated. *Id*. Moreover, ICE did not identify a reason for choosing detention over his continued liberty, which 8 U.S.C. § 1226(a) permitted.

## III. ANALYSIS

Petitioner has a protected due process interest in being released, as he has entered lawfully, has lived in this country for over a year and was pursuing a change of status via his Form I-130, Petition for Alien Relative application and his Form I-485, Application to Register Permanent Residence or Adjust Status, and completed his biometrics appointment. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all

persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Respondent's failure to respond to Petitioner's claims, constitutes forfeiture of any arguments they could have made in opposition. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and

argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with all USCIS requirements and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the Mathews factors all favor Petitioner. Therefore, the Court concludes Petitioner has

made a showing that he is entitled to relief on his procedural due process claim, and immediate release is warranted.

**IV. CONCLUSION**

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Seyid Melik Bingol (A# 236-323-343) from immigration custody immediately. Respondents are also ORDERED to comply with this Courts previous order and return Petitioner to this jurisdiction, immediately, as previously ordered by this Court.

Respondents shall return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned subject to the same release conditions that existed prior to his current detention. Respondents shall file a "Notice of Release" within seven (7) days of the entry of this Order. The Notice shall include confirmation of the release of Petitioner, return of the Petitioner to this jurisdiction, and return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

Dated: November 19, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE